**ORDERED ACCORDINGLY.**

**TIFFANY & BOSCO**
P.A.

**Dated: May 28, 2009**

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**
_____

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-62642/0200609428

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

IN RE:

Mark A. Dion and Christi A. Dion
      Debtors.
_____

Wells Fargo Bank, N.A.

      Movant,

   vs.

Mark A. Dion and Christi A. Dion, Debtors;
Edward J. Maney, Trustee.

      Respondents.
_____

No. 2:08-bk-13482-GBN

Chapter 13

   (Related to Docket # 20)

**ORDER APPROVING
STIPULATION REGARDING
MOTION FOR RELIEF**

RE:  Real Property located at
1192 South Sandstone Street
Gilbert, AZ  85296

     IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned,

that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a),

are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in

the records of the Maricopa County, Arizona Recorder's Office, wherein Mark A. Dion and Christi A.

Dion, are designated as trustors and Wells Fargo Bank, N.A. is the current beneficiary, which Deed of

Trust encumbers the following described real property:

> Lot 49, of WESTERN SKIES ESTATES UNIT 6, according to the plat of record in the office of
> the County Recorder of Maricopa County, Arizona, in Book 433 of Maps, page 37.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due

as follows:

| | |
|---|---|
| 4 - Monthly Payments at $2,326.66 (January 1, 2009 – April 1, 2009) | $9,306.64 |
| 4 - Late Charges at $ 104.92 each (January 16, 2009 – April 16, 2009) | $419.68 |
| Bankruptcy Attorney Fees & Costs | $800.00 |
| Motion for Relief Filing Fee | $150.00 |
| **Less Funds from debtor** **Cashier's Check # 40548354** | **<$4,865.98>** |
| Total Amount of Post Petition Default | $5,810.34 |

1.      The total arrearage above in the amount of $5,810.34 shall be paid in six (6) monthly

installments of $968.39.  These payments shall be in addition to the regular monthly payment and shall

be due on or before the 15th day of the month commencing with the May 15, 2009 payment and

continuing throughout and concluding on or before October 15, 2009.

2.      In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-

petition payment due for **May 1, 2009 (Coming Due),** which shall be made when due, and all

subsequent payments shall be made when due.

IT IS FURTHER ORDERED that Wells Fargo Bank, N.A. as the current beneficiary under the

above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its

Deed of Trust, so long as the terms of this Order are complied with.  In the event of default in making

any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a cashier's check or money order, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:08-bk-13482-GBN is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and Wells Fargo Bank, N.A., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the

portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall

remain in full force and effect.

        IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

        DATED this _____ day of _____ 2009.


                                        _____

                                        United States Bankruptcy Court Judge